IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **Jena Walsh and Connor Lucas,** *on behalf of themselves and all others similarly situated,* <br><br> **Plaintiffs,** <br><br> v. <br><br> **Mandytoddco, Inc. and** **Todd Rowley,** *individually,* <br><br> **Defendants.** | ) ) ) ) ) ) ) ) ) **Civil Action No.** ) ) ) ) ) |

**VERIFIED COMPLAINT FOR VIOLATIONS OF
THE FAIR LABOR STANDARDS ACT**

COME NOW Plaintiffs Jena Walsh (hereinafter "Ms. Walsh") and Connor Lucas (hereinafter "Mr. Lucas") (hereinafter, collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through undersigned counsel, and for their Complaint against Mandytoddco, Inc. (hereinafter, "Mandtyoddco") and Todd Rowley (hereinafter, "Mr. Rowley") (hereinafter, collectively, "Defendants"), state and allege as follows:

**NATURE OF THE COMPLAINT**

1. Plaintiffs bring this action against Defendants under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiffs bring this action against Defendants for unpaid tip compensation, and related penalties and damages.

3. Defendants' payroll policies and practices were and are in direct violation of the FLSA, 29 U.S.C. § 201, *et seq*.

4. For said violations, Plaintiffs seek declaratory relief; unpaid back pay; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Plaintiff Jena Walsh is an adult resident of St. Louis, Missouri.

6. Plaintiff Connor Lucas is an adult resident of Ballwin, St. Louis County, Missouri.

7. Defendant Mandytoddco, Inc., formerly known as Williamsburg Pet Hotel & Suites, Inc., is incorporated in the state of Missouri, and may be reached for service through its registered agent, Todd M. Rowley, 13998 Manchester Road, Manchester, MO 63011-4517.

8. Upon information and belief, Defendant Todd Rowley is an adult resident of Manchester, Missouri.

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

10. Defendant Mandytoddco, Inc. is a legal entity incorporated in the state of Missouri, does regular and extensive business in Missouri and conducted the illegal pay practices alleged in this complaint in Missouri. Therefore, this Court has personal jurisdiction over Defendant Mandytoddco, Inc.

11. Defendant Todd Rowley is a resident of Missouri, and, consequently, this court has personal jurisdiction over him.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because all of the events giving rise to Plaintiffs' claims occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs bring this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all hourly-paid kennel workers, including managers who performed the duties of kennel workers, who were employed by Williamsburg Pet Hotel & Suites for the period of three years prior to the commencement of this action to the present, and who were not paid fully for the tips their employer received for the services they provided to the employer's clients.

14. This Complaint may be brought and maintained as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiffs because their claims are similar to collective action members or putative collective action members.

15. Plaintiffs, collective action members, and putative collective action members are similarly situated because they worked as hourly-paid kennel workers who provided services related to Defendants' core business of pet boarding/kenneling, and they were denied some or all of the tips their employer received for the services they provided the employer's clients.

16. This Complaint may be brought and maintained as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiffs because their claims are similar to collective action members or putative collective action members.

## FACTUAL BACKGROUND

17. Defendant Mandytoddco, Inc. maintained and operated Williamsburg Pet Hotel & Suites, a pet boarding/grooming/training/day camp facility in Manchester, Missouri, under its previous names Williamsburg Kennel, Inc. and Williamsburg Pet Hotel & Suites, Inc., from approximately 1986 until approximately November 2023.

18. In or around November 2023, the Williamsburg Pet Hotel & Suites was acquired by PRHG Williamsburg, LLC, under whose ownership the business continues in operation today.

19. From the date of acquisition until January 1, 2024, Defendants continued to operate the facility pursuant to an acquisition agreement.

20. During the period relevant to this action, up until PRHG's acquisition of the Williamsburg facility, Defendant Todd Rowley was the President, Secretary and sole board member of Williamsburg Kennel, Inc. and Williamsburg Pet Hotel & Suites, Inc.

21. Defendant Todd Rowley was and is also the President, Secretary and sole board member of the successor company, Mandytoddco, Inc.

22. At all times relevant to this complaint, up until PRHG's assumption of management of the Williamsburg facility, Todd Rowley exercised the authority to: (a) hire and fire employees of Williamsburg Pet Hotel & Suites; (b) determine the work schedules of the employees of Williamsburg Pet Hotel & Suites; (c) determine the method and amount of compensation of the employees of Williamsburg Pet Hotel & Suites; and (d) control the finances and operations of Williamsburg Pet Hotel & Suites.

23. Williamsburg Pet Hotel & Suites hired Plaintiff Jena Walsh on or about October 16, 2021 as a kennel worker/kennel manager.

24. Ms. Walsh worked for Williamsburg Pet Hotel & Suites until January 13, 2025.

25. Williamsburg Pet Hotel & Suites hired Plaintiff Connor Lucas on December 1, 2022 as a kennel worker.

26. Mr. Connor has worked continuously for Williamsburg Pet Hotel & Suites from his date of hire to the present.

27. As kennel workers, Ms. Walsh and Mr. Connor were responsible for the care and boarding of client pets, mostly dogs.

28. Although Ms. Walsh was sometimes referred to as a managers or assistant manager, she was responsible for the same duties as all of the other kennel staff: picking up dog poop, working in the yards during day camp, cleaning and mopping dog rooms, doing laundry, washing dishes, making dog food, simple bathing of dogs, and kennel closing.

29. Like all other kennel staff, she was expected to work night shifts and weekends.

30. The only difference between the manager's duties and the other kennel staff was that the "managers" played a leadership role in directing the efforts of kennel staff, played a minor role in scheduling kennel staff, and got involved in crisis management as needed.

31. Throughout their employment at Williamsburg Pet Hotel & Suites, Plaintiffs and all others similarly situated were paid at a fixed hourly rate.

32. Although clients typically left tips, both in cash and by credit card, for the boarding of their pets, until the beginning of 2024, Williamsburg Pet Hotel & Suites did not disburse these tips to its kennel workers.

33. Plaintiffs estimate that the actual tips paid by clients amounted to, on average, 20% of gross revenues.

34. When Defendant PRHG Williamsburg, LLC assumed management of the Williamsburg Pet Hotel & Suites facility in January 2024, it adopted a new policy and practice of paying kennel workers for the tips received for services rendered by these workers in proper accordance

with the relevant law.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT TIP PROVISIONS

35.     Plaintiffs reallege and incorporate all allegations above as if set forth herein.

36.     At all relevant times, Defendant Mandytoddco, Inc., under its prior corporate names, was an "employers" and an "enterprise" engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

37.     At all relevant times, Mandytoddco, Inc., under its prior corporate names, "employed" Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

38.     At all relevant times, up until PRHG's assumed the management of the Williamsburg facility, Todd Rowley exercised the authority to: (a) hire and fire employees of Williamsburg Pet Hotel & Suites; (b) determine the work schedules of the employees of Williamsburg Pet Hotel & Suites; (c) determine the method and amount of compensation paid to employees of Williamsburg Pet Hotel & Suites; and (d) control the finances and operations of Williamsburg Pet Hotel & Suites.

39.     Given the level of control exerted over the operations of Williamsburg Pet Hotel & Suites, Todd Rowley was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). *See White v. 14051 Manchester Inc.,* 301 F.R.D. 368, 388 (E.D. Mo. 2014) (outlining the economic realities test for determining if an individual is an employer under the FLSA).

40.     At all relevant times, Ms. Walsh and Mr. Connor, and all other similarly situated hourly-paid kennel workers, were non-exempt employees within the meaning of the FLSA, 29 U.S.C. § 213.

41.     At all relevant times, Ms. Walsh and Mr. Connor and all other similarly situated hourly-paid kennel workers were tipped employees within the meaning of the FLSA, 29 U.S.C. §

203(t) (defining "tipped employee" as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips").

42. Under the FLSA, "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips." 29 U.S.C. 203(m)(2)(B)

43. Defendants' practice of keeping all or part of employees' tips is in direct violation of the tip provisions of the FLSA.

44. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

45. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid tips, including liquidated damages, in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5. Designation of Plaintiffs Jena Walsh and Connor Lucas as Representative Plaintiffs of the collective in this FLSA representative action.

6.       Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Respectfully submitted,

s/*Philip E. Oliphant*
Philip E. Oliphant, Bar Number: 25990(TN)
THE ROLWES EMPLOYMENT LAW FIRM
254 Court Avenue, Suite 305
Memphis, TN 38103
901.519.9135 (voice)
901.979.2499 (fax)
poliphant@rolweslaw.com

Edward J. Rolwes, Bar Number: 51522(MO)
THE ROLWES EMPLOYMENT LAW FIRM
2333 South Hanley Road, S. 104
St. Louis, MO 63144
314-806-9626 (voice)
314-472-0900 (fax)
erolwes@rolweslaw.com

*Attorneys for Plaintiffs*

## DECLARATION AND VERIFICATION

      I, **Jena Walsh**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

_____
Jena Walsh (May 26, 2025 13:24 CDT)

**Jena Walsh**

Date: 05/26/25 _____

## **DECLARATION AND VERIFICATION**

      I, **Connor Lucas**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

_____
Connor Lucas (May 26, 2025 14:30 CDT)
**Connor Lucas**

Date: 05/26/25 _____

# Walsh et al - Verified Complaint DRAFT

Final Audit Report                                                                 2025-05-26

| | |
|---|---|
| Created: | 2025-05-26 |
| By: | Philip Oliphant (poliphant@rolweslaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAOKRU3XMFIqb9iyNZ-MzhsMGUN9jOIAue |

## "Walsh et al - Verified Complaint DRAFT" History

- Document created by Philip Oliphant (poliphant@rolweslaw.com)
  2025-05-26 - 6:18:39 PM GMT

- Document emailed to Jena Walsh (jshaw3209@gmail.com) for signature
  2025-05-26 - 6:18:44 PM GMT

- Document emailed to Connor Lucas (fatter5100@yahoo.com) for signature
  2025-05-26 - 6:18:44 PM GMT

- Email viewed by Jena Walsh (jshaw3209@gmail.com)
  2025-05-26 - 6:22:47 PM GMT

- Document e-signed by Jena Walsh (jshaw3209@gmail.com)
  Signature Date: 2025-05-26 - 6:24:19 PM GMT - Time Source: server

- Email viewed by Connor Lucas (fatter5100@yahoo.com)
  2025-05-26 - 7:28:46 PM GMT

- Document e-signed by Connor Lucas (fatter5100@yahoo.com)
  Signature Date: 2025-05-26 - 7:30:01 PM GMT - Time Source: server

- Agreement completed.
  2025-05-26 - 7:30:01 PM GMT

Adobe Acrobat Sign